## Wytheville.

### CITY OF PORTSMOUTH V. JOBSON.

June 8, 1916.

Absent, Cardwell, J.

1. VERDICTS—*Conflicting Evidence.*—Where there is a material conflict between the testimony for the plaintiff and that for the defendant in an action at law, and both theories have been submitted to the jury by proper instructions of the court, the verdict of the jury is conclusive.

Error to a judgment of the Hustings Court of the city of Portsmouth in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*John W. Happer*, for the plaintiff in error.

*Willcox, Cooke & Willcox*, for the defendant if error.

KEITH, P., delivered the opinion of the court.

Jobson was injured while felling a tree in the city of Portsmouth, which he had been directed by the street inspector to cut down. He brought suit against the city and recovered a judgment for $3,500 to which the city of Portsmouth obtained a writ of error.

The evidence discloses the following facts: That the plaintiff was a man of mature years; that he had had considerable experience in the removal of trees, having

been in the employment of the city on the street force for three or four years, and was frequently required to remove trees from the streets; that he was always assisted by a competent man, and on the occasion of the accident in question he had with him one R. E. Monell, who had frequently assisted him in such work; that he lived but a short distance from the place of the accident; that he made no effort to discover the unsound condition of the tree. The tree which was to be removed was sixteen or eighteen inches in diameter near the ground. There was a hole in it four or five inches in circumference, which indicated that the tree was decayed, and the street inspector states without reserve that he examined it and found it rotten at the bottom; that it was rotten inside; and that he knew that it was an unsafe tree. He did not warn Jobson as to its condition and that in his judgment it was rotten and unsafe, and Jobson testifies that there was nothing in the appearance of the tree to indicate to him that it was dangerous, or that it was necessary to make a particular examination of its condition.

There is no controversy over the instructions. The act of the court in amending an instruction offered by the defendant was made the subject of an exception, but as the amendment made by the court was verbal rather than substantial and did not change the legal effect of the instruction, it has not been made the subject of an assignment of error in the petition; so that it may be safely said that there was no controversy with respect to the law of the case.

Coming to a consideration of the facts, the testimony of the plaintiff in error is materially contradicted by that for the defendant in error. The principal witness for the plaintiff in error admits that he knew of the unsafe condition of the tree but did not communi-

cate that knowledge to Jobson. The plaintiff in error proceeds upon the theory that the infirmity in the tree was open and obvious to the most casual inspection, while Jobson in his testimony swears that there was nothing in the appearance of the tree to indicate to him that it was rotten. He admits that he knew that the tree was decayed on the inside, but says that from the appearance of the outside bark he thought it was a live tree and that its true condition could not be detected by the eye.

The opposing theories were submitted to the jury and their verdict is conclusive of the controversy. We are, therefore, of opinion that there is no error in the judgment complained of, which is affirmed.

*Affirmed.*